# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| **RACHEL COX and BRIAN SPOONER**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**CHRISTY NOOK, Individually and in her Official Capacity as a Child Protective Worker with the IOWA DEPARTMENT OF HUMAN SERVICES**<br><br>**Defendant.** | **Case No.: 20-14**<br><br><br>**COMPLAINT**<br><br>**(Jury Demand)** |

**COMES NOW**, the Plaintiffs, Rachel Cox and Brian Spooner, by and through their undersigned counsel and for their causes of action, respectfully states to the Court as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Rachel Cox is a United States citizen and was a resident of New Market, Taylor County, Iowa at all times material to the events complained of herein.

2. Plaintiff Brian Spooner is a United States citizen and was a resident of New Market, Taylor County, Iowa at all times material to the events complained of herein.

3. Defendant Christy Nook (hereinafter "Defendant Nook") is believed to be a United States citizen and resident of the State of Iowa and at all times relevant to the events complained of herein, was a Child Protective Worker employed by the Iowa Department of Human Services situated in Des Moines, Polk County, Iowa. At all times relevant to

the events complained of herein, Defendant Nook was acting within the scope of her employment or duties as a Child Protective Worker for the Iowa Department of Human Services.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331 and 1343(a)(3) and the aforementioned constitutional and statutory provisions.

5. All events and actions referenced in Complaint occurred in the Southern District of Iowa, therefore venue is proper under 28 U.S.C § 1391(b).

## FACTUAL BACKGROUND

6. On January 2, 2018, Rachel Cox gave birth to her first child, H.S., at Blank Children's Hospital in Des Moines, Iowa.

7. On January 11, 2018, Christy Nook visited the home of Rachel Cox and Brian Spooner located at 305 Adams Street, New Market, Taylor County, Iowa.

8. Upon arrival at the Cox and Spooner home, Defendant Nook came into contact with Rachel Cox.

9. Defendant Nook did not identify herself as a Child Protective Worker for the Iowa Department of Human Services when coming into contact with Rachel Cox.

10. Defendant Nook wore no identifying clothing that she worked as a Child Protective Worker for the Iowa Department of Human Services.

11. Defendant Nook presented no identification indicating that she worked as a Child Protective Worker for the Iowa Department of Human Services.

12. Defendant Nook drove a vehicle that did not identify her as a Child Protective

Worker for the Iowa Department of Human Services.

13. Upon contact with Rachel Cox, Defendant Nook demanded she be allowed into the premises to discuss the birth of H.S. with Rachel Cox and Brian Spooner.

14. Rachel Cox denied entry as she was unaware of who Defendant Nook was or why she was there.

15. Defendant Nook continued to make repeated requests to enter the home.

16. After multiple denials to enter the home Defendant Nook exclaimed that she was "going to take the baby."

17. After Defendant Nook's threats of taking H.S. without reason or cause, Rachel Cox and Brian Spooner fled their home with H.S.

18. Later in the evening on January 11, 2018, Defendant Nook took custody of H.S., against Rachel Cox and Brian Spooner's wishes.

19. On January 22, 2018, a Child In Need of Assistance Petition was filed in Taylor County, Iowa in case no. JVJV000969 outlining H.S. as the child allegedly in need of assistance and Rachel Cox as the biological mother and Brian Spooner as the biological father.

20. On January 25, 2018, a Notice of Removal was filed by the Taylor County District Court allowing H.S. to be returned to the custody of Rachel Cox and Brian Spooner after a finding the State did not and could not prove by clear and convincing evidence that H.S. was a child in need of assistance.

21. After the hearing, H.S. was finally able to return home to with Rachel Cox and Brian Spooner.

22. Between January 11, 2018 and January 25, 2018, Rachel Cox were only able to see H.S. on limited supervised occasions.

23. Between January 11, 2018 and May 9, 2018, Rachel Cox and Brian Spooner were required to undergo and submit to drug testing and counseling for alcohol and drug abuse even though Defendant Nook knew Rachel Cox and Brian Spooner were not suffering from a drug or alcohol addiction.

24. Between January 11, 2018 and May 9, 2018 Rachel Cox and Brian Spooner were subjected to periodic in home supervision.

25. On May 9, 2018, the Child In Need of Assistance Petition in no. JVJV000969 was dismissed.

## CAUSES OF ACTION

### COUNT I
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983
### VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS
### TO THE UNITED STATES CONSTITUTION
*Right to Family Integrity, Care, Custody and Management of Children*
*(Against Defendant Nook)*

26. Plaintiffs replead paragraphs one (1) through twenty- five (25) as if fully set forth herein.

27. Defendant Nook is a person for the purposes of a Section 1983 action for damages.

28. At all times material hereto, Defendant Nook's actions and/or omissions were made under the color of authority and law as a Child Protective Worker for the Iowa Department of Human Services.

29. On January 11, 2018 Defendant Nook began violating Rachel Cox and Brian Spooner's clearly established constitutional rights by unlawfully and without legal authority ordering them to stay away from their biological child until she had personally authorized him to be in their presence.

30. Between January 11, 2018 and January 25, 2018, Defendant Nook continued to violate Rachel Cox and Brian Spooner's clearly established constitutional rights when she directly ordered Rachel Cox and Brian Spooner to stay away from their biological daughter unless they were supervised and said supervisions were scheduled in advance.

31. Between January 11, 2018 and May 9, 2018, Defendant Nook continued to violate Rachel Cox and Brian Spooner's clearly established constitutional rights when she directly ordered Rachel Cox and Brian Spooner to undergo alcohol and drug testing and alcohol and drug treatment knowing that neither Rachel Cox or Brian Spooner were not suffering from a drug or alcohol addiction.

32. Defendant Nook's repeated actions in ordering Rachel Cox and Brian Spooner to stay away from their biological child, was not founded upon a reasonable suspicion Rachel Cox and Brian Spooner committed child abuse or drug abuse.

33. During the entire period of time, Defendant Nook repeatedly ordered Rachel Cox and Brian Spooner to stay away from their biological child, she was fully aware there had been no real allegations of child abuse or drug use against either Rachel Cox or Brian Spooner.

34. During the entire period of time Defendant Nook repeatedly ordered Rachel Cox and Brian Spooner to stay away from their biological child, she was fully aware that

there had been no real allegations that Rachel Cox and Brian Spooner had failed to protect their children from child abuse or drug use.

35. By her actions in repeatedly ordering Rachel Cox and Brian Spooner to stay away from their child without any legal authority or sufficient reasonable grounds, Defendant Nook violated Rachel Cox and Brian Spooner's clearly established Right of Familial Integrity, Care Custody and Management of Children under the Fifth and Fourteenth Amendments to the United States Constitution.

36. Defendant Nook demonstrated a deliberate indifference to and/or reckless disregard of Rachel Cox and Brian Spooner's civil and constitutional rights when she forbade them from seeing his children until instructed otherwise by her.

37. Defendant Nook's actions were willful, wanton, unlawful, and in gross disregard of Rachel Cox and Brian Spooner's civil rights, justifying an award of punitive damages.

38. As a direct and proximate result of Defendant Nook's illegal and unjustified conduct, the Plaintiffs were injured and is entitled to recover damages for:

    a. The deprivation of their constitutional rights;

    b. The emotional distress and anxiety of being denied the personal custody and companionship of their biological child;

    c. The mental pain and suffering of Rachel Cox and Brian Spooner due to this unlawful separation;

    d. All consequential damages, including the long term or permanent estrangement between the child and her parents;

    e. All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical

        expenses; and

    f.    Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiffs, Rachel Cox and Brian Spooner prays for Judgment against the aforementioned Defendant as follows:

    a.    Actual, Compensatory, Consequential, and all other allowable damages against Defendant in an amount as yet to be determined;

    b.    Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

    c.    Punitive damages; and

    d.    Such other and further relief as the Court deems just and equitable.

### COUNT II
### CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C § 1983
### VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
*Right to Procedural Due Process – Care and Custody of One's Children*
*(Against Defendant Nook)*

39.    Plaintiffs replead paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40.    Defendant Nook's action in ordering Rachel Cox and Brian Spooner to stay away from their biological child was not founded upon a reasonable suspicion of child abuse, was arbitrary and capricious, and was done without notice nor an opportunity to be heard in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

41. Defendant Nook demonstrated a deliberate indifference to and/or reckless disregard of Rachel Cox and Brian Spooner's clearly established civil and constitutional rights when she violated their procedural due process rights by unilaterally and without reasonable basis ordered them to stay away from their child until instructed otherwise by her, with no right of a hearing or appellate review.

42. Defendant Nook's actions were willful, wanton, unlawful, and in gross disregard of Rachel Cox and Brian Spooner's civil rights, justifying an award of punitive damages.

43. As a direct and proximate result of Defendant Nook's illegal and unjustified conduct, the Plaintiffs were injured and is entitled to recover damages for:

   a. The deprivation of their constitutional rights;

   b. The emotional distress and anxiety of being denied the personal companionship of their biological child;

   c. The mental pain and suffering of Rachel Cox and Brian Spooner due to this unlawful separation;

   d. All consequential damages, including the long term or permanent estrangement between the between the child and her parents;

   e. All actual and compensatory damages including, but not limited to, past and present pain and suffering and medical expenses; and

   f. Any other damages allowed by federal or state law, including but not limited to reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** the Plaintiffs, Rachel Cox and Brian Spooner prays for Judgment against the aforementioned Defendant as follows:

   a. Actual, Compensatory, Consequential, and all other allowable

      damages against Defendant in an amount as yet to be determined;

b. Plaintiffs' costs in this action, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

c. Punitive damages; and

d. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

**COMES NOW,** the Plaintiffs, Rachel Cox and Brian Spooner and hereby demands a trial by jury with regard to all counts pled herein.

**PARRISH KRUIDENIER DUNN BOLES GRIBBLE GENTRY BROWN & BERGMANN L.L.P.**

BY: */s/ Matthew Boles*

| | |
|---|---|
| Matthew M. Boles | AT0001037 |
| Adam Witosky | AT0010436 |
| Christopher Stewart | AT0013127 |

2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Facsimile: (515) 284-1704
Email: mboles@parrishlaw.com
awitosky@parrishlaw.com
cstewart@parrishlaw.com
**ATTORNEYS FOR PLAINTIFFS**